UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                               )
DEREK CUMMINGS,                )
     Plaintiff,                         )
                                               )    C.A. No.:  1:20-CV-12117
v.                                         )
                                               )
SPEEDWAY, LLC,                  )
     Defendant.                      )
_____)

## NOTICE OF REMOVAL

The Defendant, Speedway LLC (hereinafter "Speedway"), through its undersigned counsel, pursuant to 28 U.S.C. §1441 and §1446, respectfully petition for the removal of the instant action captioned as *Derek Cummings v. Speedway, LLC,* Civil Action No. 2077CV01024C pending in the Superior Court of Essex County, Massachusetts to the United States District Court for the District of Massachusetts, and as grounds therefore states as follows:

### A.  GROUNDS FOR REMOVAL

1.       This is a civil action for personal injury which was filed by or on behalf of the plaintiff, Derek Cummings ("Plaintiff"), in the Superior Court in and for Essex County, Massachusetts, which is within the District of Massachusetts.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all filings from the State Court action in Speedway's possession are attached as **Exhibit A**.

2.       The underlying action was filed by the Plaintiff on or about October 13, 2020.  (*See* Exhibit A.)

1

3. Speedway was served by process server on November 3, 2020. (*See* Summons / Service of Process Transmittal attached as **Exhibit B**.)

4. This Notice of Removal is filed within thirty (30) days from the date on which Defendant, Speedway, was served and, therefore, is timely pursuant to 28 U.S.C. §1446(b).

### B. DIVERSITY JURISDICTION

5. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(a). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs.

6. The plaintiff, Derek Cummings ("Plaintiff"), is an individual who is a resident in the town of Revere, County of Essex, Commonwealth of Massachusetts. (*See* Exhibit A, ¶1.)

7. Defendant, Speedway LLC, is a Delaware LLC with a principal place of business in Ohio. (*See* Exhibit A, ¶2.) Speedway's sole member is MPC Investment LLC, a Delaware LLC with a principal place of business in Ohio. MPC Investment LLC has as its sole member Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio. Therefore, the Complaint alleges facts that set forth the diversity of citizenship between the parties.

8. Pursuant to 28 U.S.C. §1446(d), Speedway will give prompt notice upon filing of this Notice of Removal to all parties of record and to the Clerk of the Superior Court in Essex County.

## C. JURISDICTIONAL AMOUNT

9. In this action, Plaintiff seeks judgment against Speedway in an unknown amount for personal injuries as the result of alleged negligence which he claims is attributable to Speedway.  (*See* Statement of Damages attached as **Exhibit C**.) Specifically, Plaintiff seeks recovery for medical expenses incurred as of December 6, 2019 totaling $43,184.76, plus damages for anticipated future medical/hospital expenses related to injuries sustained as a result of a slip and fall incident on December 6, 2019.

10. Plaintiff has made a settlement demand in the sum of $225,000.00.

11. The sum reflected in the Statement of Damages, however, does **not** account for the additional damages asserted in the Complaint, including, but not limited to, present and future suffering for "personal injuries, causing her to endure continued medical care and treatment; and emotional and physical pain and suffering medical expenses; and loss of enjoyment of life."  (See Exhibit A, ¶12.)

12. If the jurisdictional amount is not facially apparent from the Complaint, then a court 'need look to the notice of removal and any other materials submitted by the removing defendant.'  See *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 285–86 (D. Mass. 2011)  '[W]hether a defendant has shown a reasonable probability that the amount in controversy exceeds [the jurisdictional minimum] may well require analysis of what both parties have shown'; however, in considering whether a removing

defendant has met the standard of 'reasonable probability,' a court may 'consider which party has better access to the relevant information.' *Id.* A 'court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than [the jurisdictional minimum] is in controversy at the time of removal.' *Id.*

13. The preliminary determination concerning whether a defendant has met its burden 'should be done quickly, without an extensive fact-finding inquiry.' *Id.*; *Laughlin Kennel Company v. Gatehouse Media Inc.*, 2016 WL 4445740 (D. Mass. 2016) (recognizing that in a case based in diversity jurisdiction, the defendant must show a reasonable probability that the amount in controversy is greater than $75,000."); *Toro v. CSX Intermodal Terminals, Inc.*, 2016 WL 4212238 (D. Mass. 2016) (saying that in "a case based on diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must exceed $75,000. The amount in controversy includes statutory multipliers of damages, as well as statutory attorney's fees.") (citations omitted).

14. Based on the allegations contained in the Plaintiff's Complaint and those damages calculated in the Statement of Damages the amount in controversy in this action is sure to exceed the jurisdictional requirement of $75,000.00, exclusive of interest and attorney's fees.

WHEREFORE, Defendant, Speedway, petitions this Court for removal of this action to the United States District Court for the District of Massachusetts, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this pending action.

        Respectfully submitted,
        The Defendant,
        Speedway LLC,
        By Their Attorney,

        */s/ Luana DiSarra Scavone*

        Luana DiSarra Scavone (BBO# 650681)
        Litchfield Cavo, LLP
        6 Kimball Lane, Suite 200
        Lynnfield, MA  01940
        P: (781) 309-1500
        F: (781) 246-0167
        disarra@litchfieldcavo.com

Dated:  November 25, 2020

## CERTIFICATE OF SERVICE

I, Luana DiSarra Scavone, hereby certify that on this 25th day of November 2020, I served the within document by electronic mail, to the following:

    John J. Regan, Esquire
    Dolan & Regan
    7 Essex Green Drive, Suite 4
    Peabody, MA 01960-2920

        */s/ Luana DiSarra Scavone*

        Luana DiSarra Scavone